**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | |
|---|---|
| GEORGIA STATE CONFERENCE OF THE NAACP, as an organization; ASIAN AMERICANS ADVANCING JUSTICE-ATLANTA, INC., as an organization; and GEORGIA COALITION FOR THE PEOPLES' AGENDA, INC., as an organization;<br><br>Plaintiffs,<br><br>v.<br><br>BRIAN KEMP, in his official capacity as Secretary of State for the State of Georgia,<br><br>Defendant. | Civil Action<br>Case No. 2:16-cv-00219-WCO<br><br>**REQUEST FOR TREATMENT AS AN EMERGENCY MOTION UNDER LOCAL RULE 7.2(B** |

**PLAINTIFFS' MOTION FOR
EXPEDITED DISCOVERY AND MEMORANDUM OF LAW IN SUPPORT**

Pursuant to Federal Rule of Civil Procedure 26(d), Plaintiffs Georgia State Conference of the NAACP, Asian Americans Advancing Justice-Atlanta, Inc., and Georgia Coalition for the Peoples' Agenda, Inc. (collectively, "Plaintiffs") hereby respectfully move this Court to allow limited expedited discovery. This is an action arising out of Defendant Secretary of State Brian Kemp's maintenance of an

illegal precondition to voter registration that threatens to disenfranchise tens of thousands of Georgia voting-eligible citizens.

The information Plaintiffs seek through expedited discovery is directly related to the implementation of Secretary Kemp's voter registration verification protocol. Without relief, that protocol will prevent those Georgia citizens from prevent from participating in the November 8, 2016 general election. Since the voter registration deadline for that election (October 11, 2016) is less than one month away, Plaintiffs move for limited, expedited discovery enabling the identification of affected Georgia voter registration applicants.

## BACKGROUND

As set forth more fully in the Complaint (Dkt. 1), Secretary Kemp employs an administrative policy that results in voter registration applicants being unlawfully omitted from the list of persons eligible to vote. Compl. ¶ 2. Specifically, if certain identifying information in a voter registration application does not match exactly with existing Georgia Department of Driver Services or Social Security Administration records, most applicants will not be registered unless they overcome a series of burdensome bureaucratic hurdles that deprive them of their fundamental right to vote. *Id*. Even worse, the matching procedures

are deeply flawed, burdening applicants who include or omit a hyphen or initial when writing their name or, in some cases, make no mistake at all.

Plaintiffs' affirmative case rests on the discriminatory burden imposed by the verification protocol on minority voter registration applicants. Plaintiffs hope to identify all applicants who are at risk of disenfranchisement in the upcoming election on November 8, 2016. Expedited discovery will allow plaintiffs to make the most reliable apples-to-apples comparison possible between this class of applicants and the overall voter applicant pool during the same time period in order to demonstrate the protocol's clear discriminatory burden.

On July 20, 2016, Secretary Kemp disclosed public records from Georgia's voter registration database to Project Vote in the course of separate litigation concerning compliance with the public disclosure provisions of the National Voter Registration Act of 1993. Secretary Kemp disclosed a spreadsheet of voter registration applicants placed in "canceled," "pending," and "rejected" status (the "cancelled voter list") between July 7, 2013 and July 15, 2016.

Plaintiffs also obtained the statewide Georgia voter registration data file ("statewide voter file") as of May 17, 2016, through their expert witness Christopher Brill. *See* Brill Declaration ¶ 11.

The cancelled voter list contains crucial information, such as applicants' names, racial identification, and the reason why their applications were cancelled or rejected. These data are essential to the Court's ability to fully and completely analyze the voter registration verification protocol's discriminatory effect on minority voters and determine whether the strict protocol, with its high cancellation rates, constitutes an impermissible burden on the fundamental right to vote. The current data in Plaintiffs' motion is not the most up-to-date data available. That data rests with the State. Without updated records, Plaintiffs cannot fully assess the ongoing impact of the protocol or ascertain precisely how many and which recent eligible Georgia voter registration applicants are at risk of disenfranchisement in the upcoming November election.

Unfortunately, voters continue to fail the Georgia voter registration verification protocol each day. Data from the Social Security Administration's (SSA) website indicates that a significant percentage of applicants using the last four digits of their social security number are failing the SSA match. For example, between July 23 and August 27, 2016, 6,442 (42.5%) of the 15,161 voter registration applications that Georgia submitted to the SSA for verification failed to match. *Help America Vote Verification (HAVV) Transactions by State for Week Ending August 27, 2016*, SOCIAL SECURITY ADMINISTRATION, *available at*

https://www.ssa.gov/open/havv/havv-weekly-aug-27-2016.html (last visited September 13, 2016). Many of those applications will be cancelled as a result of the verification protocol.

Plaintiffs seek limited expedited discovery to request the production of an updated statewide voter file and cancelled voter list so Plaintiffs can determine exactly how many and which applicants have been excluded from Georgia's voter rolls, and obtain relief for them before they are irreversibly deprived of their right to vote in the November 2016 election. Since voter records are ever-changing, and because Election Day is less than two months away, Plaintiffs request that the Court instruct Secretary Kemp to update the updated statewide voter file and cancelled voter list on a weekly basis from now until the November 2016 election. Plaintiffs are seeking expedited discovery and therefore request that this Court treat this motion as an Emergency Motion under Local Rule 7.2(B).

**ARGUMENT**

"A court may allow expedited discovery upon a showing of good cause." *Arista Records LLC v. Does 1-7*, No. 3:08-CV-18 (CDL), 2008 U.S. Dist. LEXIS 13831, at *3 (M.D. Ga. Feb. 25, 2008); *Platinum Mfg. Int'l, Inc. v. Uninet Imaging, Inc.*, No. 8:08-cv-310-T-27 MAP, 2008 U.S. Dist. LEXIS 27994, at *3-4 (M.D. Fla. Apr. 4, 2008) ("A court may allow discovery before the Rule 26(f)

conference upon a showing of 'good cause.'").[1] Rule 26 "vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." *Watts v. SEC*, 482 F.3d 501, 507 (D.C. Cir. 2007) (quoting *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998)).

Upon a showing of good cause, a Court may permit discovery prior to the Rule 26(f) conference. *See* Fed. R. Civ. P. 26; *Thyssenkrupp Elevator Corp. v. Hubbard*, No. 2:13-cv-202-Ftm-29SPC, 2013 U.S. Dist. LEXIS 66949, at *2 (M.D. Fla. May 10, 2013). Factors a court may consider in evaluating good cause include:

> "(1) whether a motion for preliminary injunction is pending; (2) the breadth of the requested discovery; (3) the reason(s) for requesting expedited discovery; (4) the burden on the opponent to comply with the request for discovery; and (5) how far in advance of the typical discovery process the request is made."

---

[1] Although courts in this Circuit generally require a showing of good cause, a minority of courts have used a multifactor test similar to that required for a preliminary injunction. *Platinum Mfg. Int'l*, 2008 U.S. Dist. LEXIS 27994, at *3-4 n.3 (applying the good cause test but recognizing that "some courts require movants to make a showing similar to that required for a preliminary injunction"); *see, e.g.*, *Notaro v. Koch*, 95 F.R.D. 403, 405 (S.D.N.Y. 1982) (noting that expedited discovery is appropriate if the movant can show "(1) irreparable injury, (2) some probability of success on the merits, (3) some connection between the expedited discovery and the avoidance of the irreparable injury, and (4) some evidence that the injury that will result without the expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted"). Plaintiffs submit that they have satisfied that standard, as discussed in their Memorandum of Law in Support of Plaintiffs' Motion for Preliminary Injunction.

*Id*. at *2.[2] Indeed, "Courts generally find good cause in cases in which . . . unique circumstances exist that require immediate, limited discovery." *Burns v. City of Alexander City*, No. 2:14-cv-350-MEF, 2014 U.S. Dist. LEXIS 73703, at *2-3 (M.D. Ala. May 30, 2014).

## I. Good Cause Exists for Limited Expedited Discovery

Plaintiffs have demonstrated good cause for limited expedited discovery. The evidence sought is necessary to provide the Court with complete evidence of all the eligible applicants that have been unlawfully excluded from Georgia's voter rolls due to the Georgia voter registration verification protocol before they are irreversibly deprived of their right to vote in the November 2016 election. Expedited discovery is appropriate because the proposed limited discovery is narrowly tailored to obtaining only key information and because time is of the essence. Plaintiffs are seeking preliminary relief because Election Day is less than two months away and Georgia's voter registration deadline is less than one month

---

[2] Consideration of these or similar factors have also been framed as a question of reasonableness by courts. *See Dell Inc. v. BelgiumDomains, LLC*, No. 07-22674, 2007 U.S. Dist. LEXIS 98676, at *17 (S.D. Fla. Nov. 20, 2007) ("Courts have adopted a good cause or reasonableness standard for granting expedited discovery."); *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275 (N.D. Cal. 2002) (describing good cause as a decision "on the entirety of the record to date and the *reasonableness* of the request in light of all the surrounding circumstances"). Plaintiffs have satisfied this framing of the applicable standard.

away.

Plaintiffs' requested discovery targets the narrow set of the most relevant information to Plaintiffs' allegations that the current administrative policy discriminatorily disenfranchises eligible citizens. The updated statewide voter file and cancelled voter list constitute the most current evidence regarding the eligible Georgia registration applicants who are being disenfranchised as a result of the voter registration verification protocol and the protocol's discriminatory burdens. These data will also enable Plaintiffs to ascertain which applicants are in "pending" status and whether pending applicants are ultimately registered to vote or rejected. Plaintiffs do not seek discovery addressing every claim in the Complaint. Rather, Plaintiffs seek limited expedited discovery of the most relevant evidence still in the State's sole possession to the Court's preliminary injunction analysis and thus crucial to Plaintiffs' ability to put forward the best evidence to protect eligible Georgia applicants ahead of the November 2016 election.

Finally, any burden on Secretary Kemp to provide and update records he has already disclosed—by a handful of weeks—is minimal.

## II. <u>Plaintiffs Request This Court Order Expedited Discovery of Specific, Limited Evidence</u>

Plaintiffs respectfully request that this Court allow limited expedited discovery by instructing Secretary Kemp to produce a current version of the

statewide voter file and cancelled voter list on a weekly basis between now and November 8, 2016.

Dated: September 14, 2016    Respectfully submitted,

By: */s/ James W. Cobb*
James W. Cobb
Georgia Bar No. 420133
Amy Michaelson Kelly
Georgia Bar No. 215108
T. Brandon Waddell
Georgia Bar No. 252639
Caplan Cobb LLP
75 Fourteenth Street, N.E.
Atlanta, Georgia 30309
Telephone: (404) 596-5600
Facsimile: (404) 596-5604
jcobb@caplancobb.com
akelly@caplancobb.com
bwaddell@caplancobb.com

Ezra D. Rosenberg (*pro hac vice – to be filed*)
Julie Houk (*pro hac vice – to be filed*)
John Powers (*pro hac vice – to be filed*)
Lawyers' Committee for Civil Rights Under Law
1401 New York Avenue NW, Suite 400
Washington, D.C. 20005
Telephone: (202) 662-8600
Facsimile: (202) 783-0857
erosenberg@lawyerscommittee.org
jhouk@lawyerscommittee.org
jpowers@lawyerscommittee.org

Michelle Kanter Cohen (*pro hac vice – to be filed*)
Sarah Brannon* (*pro hac vice – to be filed*)
Niyati Shah** (*pro hac vice – to be filed*)
Project Vote

1420 K Street NW, Suite 700
Washington, D.C. 20005
Telephone: (202) 546-4173
Facsimile: (202) 733-4762
mkantercohen@projectvote.org
sbrannon@projectvote.org
nshah@projectvote.org
*Authorized to practice only in Maryland. Practice in DC limited to cases in federal court.*
***Admitted in New Jersey & New York. Practice in DC limited to cases in federal court.*

Vilia Hayes (*pro hac vice – to be filed*)
David Wiltenburg (*pro hac vice – to be filed*)
Gregory Farrell (*pro hac vice – to be filed*)
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone: (212) 837-6000
Facsimile: (212) 422-4726
vilia.hayes@hugheshubbard.com
david.wiltenburg@hugheshubbard.com
gregory.farrell@hugheshubbard.com

J. Gerald Hebert (*pro hac vice – to be filed*)
Danielle Lang (*pro hac vice – to be filed*)
Campaign Legal Center
1411 K Street NW, Suite 1400
Washington, D.C. 20005
Telephone: (202) 736-2200
Facsimile: (202) 736-2222
GHebert@campaignlegalcenter.org
DLang@campaignlegalcenter.org

Aderson B. Francois (*pro hac vice – to be filed*)
Institute for Public Representation
Georgetown University Law Center
600 New Jersey Avenue NW, Suite 312

Washington, D.C. 20001-2075
Telephone: (202) 661-6701
Facsimile: (202) 662-9634
abf48@law.georgetown.edu

*Counsel for Plaintiffs*

**RULE 7.1 CERTIFICATION**

I hereby certify that the foregoing was prepared in accordance with the font and point selections approved by the court in Local Rule 5.1B.

*/s/ James W. Cobb*
James W. Cobb

**CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of September, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and have caused a copy to be delivered to the Secretary of State by hand-delivery at:

Brian Kemp
Georgia Secretary of State and Chief Election Official
c/o Sam Olens, Attorney General
Office of the Attorney General
40 Capitol Square, SW
Atlanta, GA 30334

*/s/ James W. Cobb*
James W. Cobb