

# GEORGIA DEPARTMENT OF LAW

40 CAPITOL SQUARE SW
ATLANTA, GA 30334-1300

SAMUEL S. OLENS
ATTORNEY GENERAL

www.law.ga.gov
(404) 656-3300

Writer's Direct Dial:
404-656-7298
Fax  404-657-9932

September 23, 2016

Hon. William C. O'Kelley
Senior Judge, United States District Court
Northern District of Georgia
1942 Richard B. Russell Federal Building and United States Courthouse
75 Ted Turner Drive, SW
Atlanta, GA 30303-3309

      Re: *Georgia State Conf. of the NAACP, et al. v. Brian Kemp*
          Civil Action No. 2:16-cv-00219-WCO

Dear Judge O'Kelley,

Pursuant to your request during the scheduling teleconference held on September 14, 2016, the State has reviewed the factual allegations made and requested relief sought in Plaintiffs' Emergency Motion for Preliminary Injunction ("Emergency Motion"), filed on September 14, 2016, to determine what issues could be narrowed or resolved prior to the scheduled hearing on Plaintiffs' Emergency Motion, set for Monday, September 26, 2016. As the Court is aware, neither

Hon. William C. O'Kelley
September 23, 2016
Page 2

counsel for Secretary of State Brian Kemp nor the Court had time to review either the allegations made, the arguments raised, or the totality of the relief sought in the 500+ page complaint, brief, emergency motion that Plaintiffs filed earlier that morning prior to the Court's scheduling conference.

Plaintiffs prayed for three specific items of injunctive relief in their Emergency Motion, namely that Secretary Kemp:

1) Discontinue the practice of moving applicants from pending to cancelled status when those voters mismatch on the HAVA required data match with the Social Security Administration ("SSA") or the Georgia Department of Drivers Services ("DDS") (the process collectively referred to as "HAVA Match") and fail to respond and cure the information mismatch within 40 days of written notification of that mismatch;

Hon. William C. O'Kelley
September 23, 2016
Page  3

    2) Permit applicants whose registration has been cancelled or otherwise not fully processed due to a data mismatch during the HAVA Match process to cast a regular ballot, during the November general election period; and

    3) Maintain, preserve, and not destroy any and all records relating to the Georgia's HAVA Match program.

Following the scheduling conference with the Court, counsel and staff for Secretary Kemp began reviewing the allegations made and relief sought in Plaintiffs' Emergency Motion to determine what issues could be resolved prior to the scheduled hearing to reduce the issues potentially facing the Court at the September 26, 2016, hearing.  In addition, counsel for Secretary Kemp has engaged in two meet and confer teleconferences with Plaintiffs' counsel, and a third meet and confer has been scheduled that will take place subsequent to the filing of this letter but prior to the scheduled start-time this afternoon for the teleconference with the Court requested by Plaintiffs.

Hon. William C. O'Kelley
September 23, 2016
Page 4

At the start of the first meet and confer teleconference with Plaintiffs' counsel, counsel for Secretary Kemp informed Plaintiffs' counsel that the internal clocking process within the voter database that automatically moved an applicant who failed to match during the HAVA match process from pending to cancelled status if they failed to respond within forty days of written notification has been stopped. The State will not restart that clock without further instruction from the Court or pursuant to agreement with Plaintiffs. That is the entirety of the relief prayed for in item (a) in the Emergency Motion. *See Plaintiffs' Emergency Motion* at p.2.

In addition, at the start of the first meet and confer teleconference with Plaintiffs' counsel, counsel for Secretary Kemp informed Plaintiffs' counsel that the Secretary of State's office is attempting to update the voter registration system so that every applicant who was cancelled for not responding to a notice that there was a non-match with information on file at DDS or SSA from a period of January 1, 2015 to current is moved back into pending status so that they have another opportunity to resolve the issue. This update will allow those applicants to cast a regular (not provisional) ballot in the November election if they come to the polls

Hon. William C. O'Kelley
September 23, 2016
Page  5

and show appropriate identification proving the applicant's identity.  In other words, this update will allow all applicants who were cancelled for not responding to the earlier notice an opportunity to cast a regular ballot simply by coming to their polling place and showing identification that is already required by Georgia law. This update will also generate a new letter to all affected applicants informing them of the fact that they could still clear up the non-match issue and cast a regular ballot with appropriate identification. After discussing this solution with Plaintiff's counsel, the Secretary of State's office is attempting to apply the same solution to affected applicants dating back to October 1, 2014.  Going back further in time makes the system updates more difficult as brining older data back into a dynamic database raises issues regarding database stability, particularly regarding districting voters.

Any previously-cancelled applicant moved to pending status as a result of the new policy implemented by Secretary Kemp who was previously cancelled due to a data mismatch during the HAVA Match process and who presents to county election officials either prior to or at the time of showing up to vote with the

Hon. William C. O'Kelley
September 23, 2016
Page 6

identification proving identity otherwise required for voting in Georgia will be permitted to vote a regular ballot and the applicant's status will be changed to active in the system once credit for voting is applied. Any voter moved to pending status as a result of the new policy implemented by Secretary Kemp who was previously cancelled due to their records identifying them as a non-citizen would be permitted to vote a provisional ballot with the opportunity to prove their citizenship status and have their provisional ballot counted during the period of time following the election in which any provisional ballot voter has to prove their entitlement to vote. Any applicant who non-matched for citizenship who shows up to the polls with sufficient proof of citizenship status will be permitted to cast a regular ballot if a deputy registrar is available to verify their eligibility; such an applicant would have a status change to active once credit for voting is applied.

Given the delay by Plaintiffs in bringing this action, the scope of the relief sought, the proximity to the November General Election, and the fact that any applicant who falls outside of that lookback period will have failed to cure their registration mismatch after written notification as well as failed to re-register to vote or

Hon. William C. O'Kelley
September 23, 2016
Page  7

otherwise cure their registration status through two federal general election cycles, Secretary Kemp believes that this policy change obviates the need for any emergency relief related to moving any additional applicants prior to this November's General Election.  As counsel for Secretary Kemp stated to the court during the September 14, 2016, scheduling teleconference, this is an active database that: 1) supports the only statewide, accessible records of registration information for over 6 million Georgia voters; and 2) is being constantly accessed, updated, and utilized by Georgia election officials for the discharge of their prescribed duties during a critical period of time leading up to the November General Election.  *Any* mass data update into a system that large is cause for concern, and one the size and scope that Secretary Kemp has undertaken on his own volition is an order of magnitude larger than any previously undertaken by Georgia election officials outside of a complete system transfer that was both months in the planning and preparation *and* undertaken during a non-federal election year during the summer when the demand on the system was at its lowest, not less than two months out from a federal presidential election when demand on the database is at its highest.

Hon. William C. O'Kelley
September 23, 2016
Page 8

The third prayer for relief in Plaintiffs' Emergency Motion is that Secretary Kemp "maintain, preserve, and not destroy any and all records relating to the Georgia's HAVA Match program." Counsel for Secretary Kemp has provided a written litigation hold notice to Secretary Kemp and his staff which will preserve those records during the pendency of this litigation.

Given the steps that Secretary Kemp has already undertaken, including the implementation of a new process stopping the clock on moving pending applicants into cancelled status after no response to written notification of the failure of the applicant's data to match during the HAVA Match process and the implementation of a move of applicants in cancelled status to pending status if those applicants were placed in cancelled status during the lookback period, Secretary Kemp believes that there is no further basis for this Court to either conduct a hearing on Monday, September 26, 2016, or to enter any order granting the relief sought by Plaintiffs, as all relief, reasonable or otherwise, that could be granted to Plaintiffs

Hon. William C. O'Kelley
September 23, 2016
Page 9

as a result of their Emergency Motion has already been undertaken by Secretary

Kemp.

Respectfully,

/s/ Russell D. Willard

Russell D. Willard
Senior Assistant Attorney General
Georgia Bar No. 760280

cc (by ECF delivery): Counsel for Plaintiffs